UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL INSURANCE COMPANY | Case No. 08-13939 |
| Plaintiff | Nancy G. Edmunds<br>United States District Judge |
| vs. | Michael Hluchaniuk<br>United States Magistrate Judge |
| HARANATH POLICHERLA, M.D.,<br>HARANATH POLICHERLA, M.D., P.C.,<br>and ADVANCED NEURO REHAB<br>SERVICES, P.C., | |
| Defendants. | |

**ORDER DENYING DEFENDANTS' MOTION TO QUASH (Dkt.44)
AND GRANTING PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS' PRODUCTION OF DOCUMENTS (Dkt. 50).**

**I.    PROCEDURAL HISTORY**

The complaint in the present case was filed September 11, 2008. (Dkt. 1). A motion to strike the complaint was filed by defendants on December 1, 2008. (Dkt. 8). On January 15, 2009, an order consolidating this case with a similar case filed by Allstate Insurance Company (Allstate) was entered by the District Judge. Defendants' motion to strike plaintiff's complaint was denied on February 26, 2009. (Dkt. 24).

1

Defendants filed a motion to dismiss against both State Farm Insurance Company (plaintiff) and Allstate on March 17, 2009. (Dkt. 32, 33). On March 27, 2009, defendants filed an answer to plaintiff's complaint and a counterclaim against plaintiff. (Dkt. 36, 37). Plaintiff filed a motion for a protective order on April 1, 2009, which was granted April 6, 2009. (Dkt. 41, 42).

On April 8, 2009, defendants filed a motion to quash a subpoena served on a third party by plaintiff. (Dkt. 44). That motion was referred to the undersigned on April 9, 2009. (Dkt. 45). Plaintiff responded to the motion to quash on April 22, 2009. (Dkt. 48). On April 30, 2009, plaintiff filed a motion to compel defendants' production of documents. (Dkt. 50). That motion was also referred to the undersigned on May 1, 2009. (Dkt. 51). On May 7, 2009, the parties conferred and stipulated that the two pending motions - defendants' motion to quash and plaintiff's motion to compel - be consolidated. (Dkt. 53). A notice of hearing regarding the motion to quash and motion to compel, setting the hearing date for May 26, 2009, was entered on May 7, 2009. (Dkt. 53). Defendants filed a response to plaintiff's motion to compel on May 14, 2009. (Dkt. 59).

An order of stipulation and dismissal regarding Allstate's complaint was entered on May 26, 2009, leaving State Farm as the only named plaintiff. (Dkt. 65). The hearing on the motion to quash and motion to compel was held on May

26, 2009. The hearing on defendants' motion to dismiss is currently scheduled for July 29, 2009. (Dkt. 66). On June 4, 2009, plaintiff filed a supplemental brief in support of its motion to compel. (Dkt. 69). Defendants responded to plaintiff's supplemental brief on June 16, 2009. (Dkt. 71).

## II.     RELEVANT FACTS

Plaintiff brought the present action seeking damages from defendants based on allegations of fraudulent testing procedures and false diagnoses of plaintiff's insureds amounting to violations of the violations of the Racketeer Influenced and Corrupt Organization Act (RICO). Plaintiff submits that it served defendants with a set of document production requests on March 3, 2009. (Dkt. 50, p. 11). Defendants produced the relevant documents for a number of plaintiff's document requests, but objected to several others. (Dkt. 50, p. 12). More specifically, defendants objected on the grounds that the various document requests were vague, overly broad, ambiguous, overly burdensome, protected by physician-patient privilege, or not reasonably calculated to lead to the discovery of any admissible evidence. (Dkt. 50, p. 12-14). Plaintiff's document requests 2, 6-7, and 10-11 remain at issue. *Id.* According to plaintiff, counsel sent a letter to defendants on April 24, 2009 in an effort to resolve the issues raised in defendants' objections. (Dkt. 50, p. 14). On April 29, 2009, defendants responded, agreeing to a narrowed

definition incorporated in the document requests, but otherwise maintaining its previous objections. (Dkt. 50, p. 15).

On March 25, 2009, Plaintiff served a subpoena on Comerica Bank requesting various financial records of defendants. (Dkt. 44, p. 9). Defendant moved to quash the subpoena on the grounds that defendant maintained a privacy interest in the information, that the information sought was not relevant, and that plaintiff's request was for the purpose of harassing defendants. (Dkt. 44, p. 9).

## III. STANDARD OF REVIEW

It is well-established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). All parties agree that in order for information to be relevant at the discovery stage, and thus discoverable, it must be relevant to "any party's claim or defense" and, while the information itself need not be admissible in an evidentiary sense, it must still be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); see also *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998), quoting, *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970) ("The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is

reasonably calculated to lead to the discovery of admissible evidence.").

The resolutions of the present motions hinge on several principles of discovery. While the permitted scope of discovery is broad, a Court may limit the extent of discovery if it determines that the discovery sought is unreasonably duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or, the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26 (b)(2)(C)(i)-(iii). When dealing with electronically stored information, the party from whom discovery is sought must show that the information sought in the discovery request is not reasonably accessible because of undue burden or cost. Fed.R.Civ.P. 26(b)(2)(B). The Court may nevertheless condition or order discovery if good cause is shown by the requesting party.

Rule 34(a)(1)(A) permits a party to serve on another party, a request to produce any designated documents – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained from. The request must describe with reasonable particularity each item or category of items. Fed.R.Civ.P. 34(b)(1)(A).

A party may issue a subpoena that, among other things, commands the person to whom the subpoena is directed at to produce designated documents or electronically-stored information. Fed.R.Civ.P. 45(a)(1)(A). A court must, upon a timely motion, quash a subpoena when the subpoena "requires disclosure of privileged or other protected matter." Fed.R.Civ.P. 45(c)(3)(A)(iii). Additionally, a court may quash a subpoena when the subpoena requires disclosure of confidential commercial information. Fed.R.Civ.P. 45(c)(3)(B)(i).

## IV. ANALYSIS AND CONCLUSIONS

### A. Defendant's Motion to Quash

Defendants filed the motion to quash in response to a subpoena served on Comerica Bank, a nonparty to this litigation, seeking various financial information and records of defendants. Defendants argue that the motion to quash should be granted because the subpoena requests personal and confidential financial information, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is meant to harass defendants. (Dkt. 44, p. 9). Additionally, defendants argue that plaintiff is seeking the same or similar information by means of document production requests, and plaintiff should be forbidden from serving subpoenas on third parties until it "avails itself of the normal discovery process." (Dkt. 44, p. 12). Defendant cites no authority for

6

this position, however.

In response, plaintiff argues that defendant lacks standing to challenge a subpoena served on a third party. (Dkt. 48, p. 8). According to plaintiff, the records sought in the subpoena are business records of the bank, and are not private papers of the defendants. Additionally, plaintiff maintains that the information is relevant to prove, among other things, the structure of the enterprise, the scope of the fraud, and motive. (Dkt. 48, p. 9-11). Finally, plaintiff argues that the request is neither harassing nor burdensome to defendants, and that plaintiff is not required to wait for defendants' production before seeking information from third parties. (Dkt. 48, p. 13, 14).

"The general rule is that a litigant has standing to challenge a subpoena issued to a third party only where the litigant can claim some privilege or other privacy interest in the subject matter of the subpoena." *Thomas v. Marina Assocs.*, 202 F.R.D. 433 (E.D. Pa. 2001); *Chirco v. Rosewood Vill. L.L.C.*, 2005 U.S. Dist. LEXIS 43746 *2 ( E.D. Mich. 2005). In the present case, the subject matter of the subpoena at issue relates to defendants' financial information and records, and the outcome, therefore, hinges on whether defendant can claim a viable privacy interest in the information sought to be discovered by the subpoena.

As the Sixth Circuit has consistently recognized, there is no privacy interest

in the financial affairs of an individual. *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 591 (6th Cir. 2008); *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 575 (6th Cir. 2002). Therefore, the undersigned concludes that defendants can claim no viable privacy interest and, therefore, lack standing to challenge the subpoena issued to a third-party.

With respect to the corporate financial records, Rule 45 provides that a court *may* quash a subpoena seeking confidential business information. A common practice in federal courts regarding a claim of confidential financial information is to place the burden on the party claiming the privilege. *Insulate America v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D. N.C. 2005). Upon a showing that the information falls into a protected category and that disclosure may be harmful, the burden shifts to the requesting party to establish both relevance and need for the information. *Id.* The court then weighs the respective interests involved. *Id.*

In the present case, defendants have claimed a privacy interest in the financial records of the two corporate defendants. Although defendants have not satisfactorily demonstrated how they would be harmed by the disclosure of financial records, the undersigned nevertheless concludes that plaintiff has sufficiently established the relevance of the financial information and the information should therefore be disclosed.

Based on the foregoing analysis, defendants' motion to quash is **DENIED**.

B.  Plaintiff's Motion to Compel

1.  Document Request 2

Plaintiff asserts that defendants' objections to Document Request 2, which seeks documents related to claims submitted to other insurers seeking payment for the Tests[1] or the Epley Maneuver, are unfounded because the request is narrowly tailored to seek documents relating to a fraudulent billing enterprise employed by defendants, who submitted hundreds of fraudulent bills to plaintiff and other insurers for unnecessary medical procedures. (Dkt. 50, p. 15). Moreover, plaintiff asserts that defendants provided no evidence of any undue burden imposed by responding to the request; nevertheless, plaintiff maintains that the benefit of the request outweighs any burden imposed on defendants. Finally, plaintiff asserts that under federal law, there is no physician-patient privilege. Because plaintiff alleges violations of federal law, plaintiff maintains that the state law physician-patient privilege is inapplicable. Additionally, plaintiff points out that a HIPPA-qualified protective order has already been entered by Judge Edmunds, which addresses any confidentiality issues. (Dkt. 42).

---

[1] "Tests" are defined as "needle electromyography tests or EMGs, nerve conduction velocity tests or NCVs, evoked potential tests, and electronystagmography tests or ENGs." (Dkt. 50).

In response, defendants maintain their objection to Document Request 2 on the grounds that it is overly broad and unduly burdensome. (Dkt. 59, p. 5-8). More specifically, defendants assert that the request does not limit claims to automobile insurers or to patients injured in automobile-related accidents and that compliance with the request will require extensive review of every patient file dating back to 2001 to determine whether the file contains relevant documents. Additionally, defendants note that they spent over 1100 hours at a cost of over $22,000 to produce 284 files relating to State Farm insurance claims, which pales in comparison to the more than 10,000 patient files in defendants' possession that potentially fall within the scope of the discovery request. (Dkt. 59, Ex. 3).

Next, defendants assert that they have filed a motion to dismiss on plaintiff's federal question (RICO claim), and, if granted, this Court's subject matter jurisdiction will be based on diversity of citizenship. Therefore, state law, including the Michigan physician-patient privilege, will apply. As such, defendants assert that in the interim, any document production should be suspended until defendants' motion to dismiss is ruled on, because if production is ordered and the motion to dismiss is granted, defendants will be irreparably harmed. Finally, defendants assert that plaintiff's Document Request 2 amounts to a mere "fishing expedition" and that plaintiff is seeking the documents based on

mere speculation.

At the May 26, 2009 hearing, the parties debated the capability of defendants' billing software as it relates to filtering billing records by CPT[2] codes. In their supplemental brief, defendants admit that their billing software is capable of filtering billing records by CPT code, but submit that such filtering is inadequate. (Dkt. 71, p. 3). That is, even with a filtered list of patients who received specific tests performed by Dr. Policherla, defendants would have to manually inspect the files of each identified patient and copy any documents relating to the document request. Plaintiff maintains that, given the capabilities of the billing software, defendants should be able to produce the list of patients whose documents would be responsive to this request without significant burden. (Dkt. 69, p. 1).

Recognizing the time and expense defendants have already invested in producing documents relating to State Farm claims, the undersigned acknowledges that producing relevant documents relating to more than 10,000 patients would be an onerous task. Nevertheless, the undersigned is convinced that plaintiff has

---

[2] CPT codes (Current Procedural Terminology), as the Court understands them, are a set of numbers assigned to every task and service a medical practitioner may provide to a patient. The codes are uniformly recognized, and updated annually to ensure accurate billing and reimbursement information.

11

satisfied the relevancy threshold with respect to the documents sought in this request.

Additionally, the undersigned is not persuaded by defendants' assertion that discovery should be suspended until the resolution of the motion to dismiss and the subsequent applicability of the Michigan physician-patient privilege is determined. Federal Courts are vested with an obligation to exercise the jurisdiction given to them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-818 (1976). In the instant case, this Court's jurisdiction was based on the presence of a federal question. In federal question cases where pendent state claims are raised, the federal common law governs all claims of privilege raised in the litigation. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992), citing, *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 458 (N.D. Cal. 1978). The physician-patient privilege is not recognized under the federal common law. *General Motors Corp. v. Director of Nat. Institute for OSHA*, 636 F.2d 163, 165 (6th Cir. 1980). Therefore, defendant's records are not protected by any privilege.

As such, the undersigned orders: (1) plaintiff to provide defendants with a list of relevant CPT codes by Monday, July 27, 2009 to be used in the patient filtration search; (2) defendants to produce the list of patients, filtered by the identified CPT codes, by Monday, August 10, 2009; (3) plaintiff to select 250

patients from the filtered list by Monday, August 24, 2009[3]; (4) defendants to either (a) produce all documents responsive to Document Request 2 for all 250 patients identified by plaintiff by Monday, September 14, 2009, or, in an effort to ease defendants' financial burden, (b) permit plaintiff's counsel to review all 250 files and identify the relevant documents, and provide plaintiff with copies of the identified documents by Monday, September 14, 2009. Further discovery in this area may be permitted if plaintiff can make a showing, based on the results of the ordered discovery, that additional disclosures would be productive.

    2.    Plaintiff's Document Requests 6 and 7

Plaintiff's Document Requests 6 and 7 seek various financial records from defendants[4] including tax returns, general ledgers, balance sheets, income statements, and bank accounts. At the hearing held May 26, 2009, plaintiff limited its request to tax returns, IRS W2 forms, IRS 1099 forms, and bank account information from defendant Dr. Policherla, in addition to above-mentioned forms

---

[3] It is assumed that these 250 patient files would not include any of the 284 files already produced by defendants, which would give plaintiff approximately 534 patient files to review.

[4] The request seeks financial information from defendant Dr. Policherla in both his personal capacity and corporate capacity as owner of Haranath Policherla, M.D., P.C. and Advanced Neuro Rehab Services, P.C, both of which are named defendants.

and the general ledgers of the named corporate defendants. In its motion to compel, plaintiff asserts that the financial information is necessary to (1) assess the financial relationship and structure of the enterprise, (2) measure the extent and scope of defendants fraud, (3) determine the financial relationship between members of the alleged fraudulent enterprise and third parties, (4) prove defendants motive, (5) identify other witnesses who may have participated in the fraudulent scheme, and (6) prove plaintiff's damages. (Dkt. 50, p. 19-23).

In response, defendants assert that they retain a privacy interest in the bank records and maintain their objection that the requests were overly broad, vague and ambiguous, and not calculated to lead to admissible evidence. (Dkt. 59, p. 13, 14). Additionally, defendants argue that plaintiff's six reasons as to why the information is necessary have no merit. (Dkt. 59, p. 14). That is, according to defendants, plaintiff's purported reasons have either been admitted by defendants and are undisputed, and, therefore, no discovery is necessary, or they are grounded in mere speculation, and are, therefore, insufficient grounds for compelling the documents.

In addition to the analysis in Part IV (A), the undersigned concludes that defendants' objection does not overcome plaintiff's showing of relevancy. Plaintiff limited both request 6 and 7 to the specific documents mentioned both

14

above and at the May 26, 2009 hearing. As such, the undersigned is convinced that the requests are not overly broad or vague, and are reasonably calculated to lead to admissible evidence. Therefore, defendant is ordered to produce the documents requested in requests 6 and 7, subject to the limitations mentioned, by Monday, August 3, 2009.

### 3. Plaintiff's Document Requests 10 and 11

Plaintiff's Document Request 10 seeks a copy of Dr. Policherla's passport while Document Request 11 seeks a copy of his schedule or calendar for dates that services were rendered for claims submitted to State Farm. In its motion to compel, plaintiff asserts that it received claims for services purportedly performed by Dr. Policherla on dates on which he was allegedly out of the country. Plaintiff asserts that both Document Requests 10 and 11 will likely lead to evidence that supports its allegations of fraudulent medical testing by showing that the same evaluation reports were prepared, the same tests were administered, and the same therapies were rendered whether Dr. Policherla was in or out of the country. (Dkt. 50, p. 25).

In response, Dr. Policherla maintains his objection that both requests are not reasonably calculated to lead to admissible evidence. (Dkt. 59, p. 19). Additionally, Dr. Policherla asserts that he is permitted to supervise nurse

15

practitioners performing medical services that they would not otherwise be able to perform unsupervised. According to Dr. Policherla, supervision for medical services has been provided via telecommunications in the past. As such, defendant asserts that compelling discovery of Document Requests 10 and 11 will not demonstrate that services rendered and billed to plaintiff were not performed due to defendants' absence from the country. Finally, defendant maintains that the requests amount to an invasion of his privacy by uncovering all of his travel and scheduling activities dating back to 2001.

     Rule 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In the complaint, plaintiff claims that defendant performed medical tests that were either unnecessary or were not performed. (Dkt. 1, ¶ 78). Even accepting defendant's assertion that he is permitted to supervise nurse practitioners performing the medical procedures as true for purposes of this motion, the undersigned is convinced that the documents sought in requests 10 and 11 are both relevant and reasonably calculated to lead to admissible evidence. Therefore, the motion to compel is granted with respect to these items, to the extent that the requested documents exist, and defendants are ordered to produce the documents by Monday, August 3, 2009.

      The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Dated: July 20, 2009                                      <u>s/Michael Hluchaniuk</u>
                                                                                       Michael Hluchaniuk
                                                                                       United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on <u>July 20, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to the following: <u>Robert S. Harrison, Jenny Louise Johnson, Kathy P. Josephson, Matthew D. Klakulak, Jules B. Olsman, Ross O. Silverman, and Morley Witus</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>not applicable</u>.

                                                     s/James P. Peltier  
                                                     Pete Peltier  
                                                   Courtroom Deputy Clerk  
                                                 U.S. District Court  
                                                 600 Church Street  
                                                 Flint, MI 48502  
                                                 (810) 341-7850  
                                                 pete_peltier@mied.uscourts.gov